# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY<br>One State Farm Plaza<br>Bloomington, Illinois 61710-00001<br><br>　　　　Interpleader Plaintiff<br><br>v.<br><br>CLAIRE RICE<br>11400 Classical Lane<br>Silver Spring, Maryland 20901<br><br>　　　　**SERVE ON:**<br>　　　　Claire Rice<br>　　　　1901 E. Street S.E.<br>　　　　Washington, D.C. 20003<br><br>and<br><br>DEMETRA RICE<br>3811 Swann Road<br>Unit T-2<br>Suitland, Maryland 20746<br><br>　　　　**County of Residence:**<br>　　　　Prince George's County<br><br>　　　　**SERVE ON:**<br>　　　　Demetra Rice<br>　　　　3811 Swann Road<br>　　　　Unit T-2<br>　　　　Suitland, Maryland 20746<br><br>and<br><br>CHARMAINE HARRIS<br>103 Old MacDonald Road<br>Apt. 217<br>Gaithersburg, Maryland 20877 | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No.: _____ |

|   |   |
|---|---|
| **County of Residence:** | |
| Montgomery County | * |
| | |
| **SERVE ON:** | * |
| Charmaine Harris | |
| 103 Old MacDonald Road | * |
| Apt. 217 | |
| Gaithersburg, Maryland 20877 | * |
| | |
| and | * |
| | |
| ANTHONY THOMPSON | * |
| 1510 Butler Street S.E. | |
| Apt. 302 | * |
| Washington, D.C. 20020-4373 | |
| | * |
| **SERVE ON:** | |
| Anthony Thompson | * |
| 1510 Butler Street S.E. | |
| Apt. 302 | * |
| Washington, D.C. 20020-4373 | |
| | * |
| Interpleader Defendants | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT IN THE NATURE OF INTERPLEADER

Plaintiff, State Farm Life Insurance Company ("Plaintiff" or "State Farm"), by and through undersigned counsel, hereby files this Complaint in the Nature of Interpleader, and states as follows:

1. This action involves the entitlement to life insurance benefits arising from the death of Anthony G. Rice, deceased ("Anthony Rice" or "Decedent").

2. Ten thousand one hundred forty-two dollars and thirty cents ($10,142.30) in life insurance benefits, plus applicable interest, are payable under State Farm Policy No. LF-2788-

2

7376 (the "Policy"), which was issued to Claire Rice, and which provided life insurance on the life of Anthony Rice.

3. Claire Rice was named as the sole primary beneficiary under the Policy. No successor beneficiary(ies) was/were named. Claire Rice has been criminally charged with first degree murder in connection with the death of Anthony Rice, and therefore, for the reasons discussed more fully below, State Farm cannot determine the proper beneficiary for the Policy benefits, and is bringing this lawsuit for interpleader to avoid being vexed and harassed by conflicting and multiple claims.

## Identification of the Parties

4. State Farm is an insurance company incorporated under the laws of the State of Illinois having its principal place of business in Bloomington, Illinois. It is authorized to do business in the State of Maryland. State Farm issued the Policy that is the subject of the present matter to Claire Rice in Maryland.

5. Upon information and belief, Claire Rice is an adult citizen of the United States and is domiciled within the State of Maryland;[1] is a potential claimant to life insurance benefits under the Policy; and, is the cousin of the Decedent.

6. Upon information and belief, Defendant Demetra Rice ("Demetra Rice") is an adult citizen of the United States and is domiciled within the State of Maryland; is a potential claimant to life insurance benefits under the Policy; and, is the daughter of the Decedent.

---

[1] Claire Rice is currently residing at the Correctional Treatment Facility located at 1901 E. Street S.E., Washington, D.C. 20003. In this Circuit, however, a person's state of domicile for purposes of diversity jurisdiction does not change based on where they are incarcerated. *See Williams v. Baloch*, 1997 WL 782938, *1 (4th Cir. 1997) (unreported) (citing *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991)).

3

7. Upon information and belief, Defendant Charmaine Harris ("Charmaine Harris") is an adult citizen of the United States and is domiciled within the State of Maryland; is a potential claimant to life insurance benefits under the Policy; and, is the daughter of the decedent.

8. Upon information and belief, Defendant Anthony Thompson ("Anthony Thompson") is an adult citizen of the United States and is domiciled within the District of Columbia; is a potential claimant to life insurance benefits under the Policy; and, is the son of the Decedent.

### Jurisdictional and Venue Statement

9. This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 (statutory interpleader), in that this matter relates to property with a value in excess of $500.00;[2] there are two or more adverse claimants of diverse citizenship as defined in 28 U.S.C. § 1332(a), (e); and, State Farm will be seeking to deposit the subject property into the Registry of the Court. Therefore, this action arises under the laws of the United States, raises a federal question, and minimal diversity is satisfied as three (3) of the potential claimants are domiciled in the State of Maryland and one (1) is domiciled in the District of Columbia.

10. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1397 (the district where one or more of the claimants resides) and 28 U.S.C. §§ 1391(b).

---

[2] State Farm will be seeking to deposit into the Registry of this Court $10,142.30 representing the face value of the Policy at the time of Decedent's death, plus accrued interest.

4

## Statement of Facts

11. On or about March 30, 2010, Claire Rice applied for a $10,000 Individual Whole Life Insurance Policy on the life of Anthony Rice.[3] *See* Application (attached hereto as *Exhibit 1*). Claire Rice's mailing address on the Application was listed as 11400 Classical Lane, Silver Spring, Maryland. This same address was listed for Decedent, although public records suggest that Anthony Rice actually lived in the District of Columbia at the time.

12. On or about May 1, 2010, State Farm issued the Policy to Claire Rice, which provided life insurance on the life of Anthony Rice. The Policy had a face amount of $10,000. *See* Specimen Copy of Policy (attached hereto as *Exhibit 2*).

13. Anthony Rice was listed as the "Insured" under the Policy. Claire Rice was listed as the "Owner" of the Policy and Claire Rice also designated herself as the primary beneficiary of the proceeds of the Policy. *See* Ex. 1; Ex. 2. No successor beneficiary(ies) was/were named.

14. The Policy provided that upon the Decedent's death, the proceeds would be paid to the living primary beneficiary(ies) identified by Claire Rice. The Policy's order of payment terms provide as follows:

> **Order of Payment on the Insured's Death.** When the Insured dies, We will make payment in equal shares to the primary Beneficiaries living when payment is made. If the last primary dies, We will make payment in equal shares to the successor Beneficiaries living when payment was made. If, at any time, no Beneficiary is living, We will make a one sum payment to You,[4] if living when payment is made. Otherwise, We will make a one sum payment to the estate of the last survivor of You and all Beneficiaries.

*See* Ex. 2 at p. 12.

---

[3] While the application refers to Claire Rice as Anthony Rice's "sister," later information received by State Farm suggests that Anthony Rice and Claire Rice were actually cousins, rather than siblings.

[4] "You" is defined as the owner of the Policy, who is Claire Rice. *See* Ex. 2 at Page 5 ("Definitions").

15. The Decedent died on December 17, 2012, in Washington D.C. *See* Complaint, Warrant, and Affidavit in Support of an Arrest Warrant (attached hereto as *Exhibit 3*).

16. The Criminal Complaint filed by the District of Columbia against Claire Rice states that "Claire Rice, while in the District of Columbia, while armed with a handgun, purposely and with deliberate and premeditated malice, killed Anthony Rice by shooting him with a handgun on or about December 17, 2012." *See* Ex. 3. Claire Rice has been charged with "First Degree Murder While Armed (Premeditated)." *Id.*

17. The criminal case currently pending against Claire Rice is captioned as: *District of Columbia v. Claire Rice,* Superior Court Case No.: 2013 CF1 003898. Claire Rice has pleaded not guilty and the criminal trial is scheduled for December 1, 2014. *See* Docket (attached hereto as *Exhibit 4*).

18. When State Farm learned of the death of Anthony Rice in or about June 2013, it sent correspondence to Claire Rice at her address of record, 11400 Classical Lane, Silver Spring, Maryland, regarding her potential claim for the Policy proceeds due to her being the primary beneficiary under the Policy. *See, e.g.,* Correspondences from State Farm to Claire Rice dated June 22, 2014 and July 8, 2013 (attached hereto as *Exhibit 5*). State Farm has received no claim to the proceeds by Claire Rice, nor has it received any disclaimer to the Policy proceeds by Claire Rice either.

19. Because of the nature of the criminal charges pending against Claire Rice, Claire Rice may be disqualified from receiving benefits under the Policy by operation of Maryland's common law Slayer Rule.[5] *Ford v. Ford,* 307 Md. 105, 111-112 (1986) (observing that anyone

---

[5] Maryland's Slayer Rule would apply to this case since the Policy was delivered to Claire Rice in Maryland and premiums were paid by Claire Rice from Maryland. Maryland follows the principle of *lex loci contractus,* which

6

who kills another, and the persons claiming "through or under" that person, may not collect life insurance policy proceeds as beneficiaries under a life insurance policy when the homicide is felonious and intentional). Not only may Claire Rice be barred from receiving the Policy benefits, but anyone claiming "through or under" her would also be precluded from receiving the Policy benefits. *Id.*; *see also, Diep v. Rivas,* 357 Md. 668, 679-684 (2000) (explaining that the "through or under" language in *Ford* prevents persons claiming life insurance Policy proceeds in the right of the slayer, but does not prevent them from claiming as contingent beneficiaries in their own right under a contract of insurance, particularly if they are innocent in the crime). In this case, Claire Rice was named as the primary beneficiary, and no successor beneficiaries were named. *See* Ex. 1. If Claire Rice, who is still living, is disqualified as a slayer, then it is possible that no one else may be qualified to take the Policy proceeds under the Order of Payment Terms of the Policy at this time. *See* Ex. 2 at Page 12 ("Order of Payment on the Insured's Death").[6]

20. If Claire Rice is determined to be a slayer and disqualified from receiving benefits under the Policy, and in the absence of any successor beneficiary or other qualified taker, then the Estate of Anthony Rice (since Anthony Rice was the insured victim), may have a claim to the death benefits under the Policy. *See Chase v. Jenifer,* 219 Md. 564, 565, 569-570 (1959) (in

---

applies the law of the jurisdiction where the contract was made. *Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.,* 738 F.3d 95, 100 (4th Cir. 2013) (citing *Allstate Ins. Co. v. Hart,* 327 Md. 526, 611 A.2d 100, 101 (1992)). "For choice of law purposes, a contract is made where 'the last act is performed which makes the agreement a binding contract. Typically, this is where the policy is delivered and the premiums are paid.'" *Perini/Tompkins Joint Venture,* 738 F.3d at 100 ((citing *Sting Sec., Inc. v. First Mercury Syndicate, Inc.,* 791 F.Supp. 555, 558 (D. Md.1992)).

[6] While the Order of Payment terms contemplate that Claire Rice's estate may be entitled to the policy proceeds if no beneficiary is living or if the policy owner is deceased, Claire Rice (the policy owner and beneficiary) is still alive, and therefore, there is no estate to either serve with process in this interpleader action or pay benefits to. *See* Ex. 2 ("If, at any time, no Beneficiary is living, We will make a one sum payment to You, if living when payment is made. Otherwise, we will make a one sum payment to the estate of the last survivor of You and all Beneficiaries.").

interpleader action by insurer against alleged slayer who was beneficiary of life insurance policy proceeds and estate of victim, the appellate court held that the chancellor properly applied the Slayer Rule to prevent the slayer from taking the policy proceeds and awarding the policy proceeds to the victim's estate, where there was apparently no contingent beneficiary under the policy) (examined in *Diep, supra,* 357 Md. 675-676).

21. On behalf of State Farm, undersigned counsel researched whether an estate had been opened for Anthony Rice in Maryland or in the District of Columbia. No estate had been opened.

22. Upon information and belief, Anthony Rice was survived by three (3) children, Demetra Rice, Charmaine Harris, and Anthony Thompson. *See* Obituary (attached hereto as *Exhibit 6*). No surviving spouse or domestic partner was listed in Anthony Rice's obituary. *Id.*

23. Fearing multiple liability as to the Policy proceeds, and wishing to file an interpleader action to promptly resolve the potential competing claims to the Policy proceeds, State Farm requested that undersigned counsel contact Decedent's next of kin to ascertain the status of any Estate being opened on behalf of Decedent.

24. In December 2013, undersigned counsel contacted Anthony Rice's sister, Barbara Johnson,[7] to inquire whether any estate would be opened on behalf of Anthony Rice in the District of Columbia.[8] Undersigned counsel advised Barbara Johnson that due to the criminal charges pending against Claire Rice, State Farm wished to file an interpleader action naming as Interpleader Defendants Claire Rice and the Estate of Anthony Rice, so as to facilitate the orderly resolution of the potential competing claims for benefits under the Policy.

---

[7] State Farm did not have the contact information for Decedent's children at that time.
[8] Since Anthony Rice's last known address is believed to be 1436 R Street N.W., Apt. 304, Washington, D.C. 20009-3846, it would have been proper to open his estate in the District of Columbia.

25. Undersigned counsel was informed by Barbara Johnson that Anthony Rice died with no will and no assets.

26. Barbara Johnson reached out to one of Decedent's daughters, Demetra Rice, and advised undersigned counsel that they intended to open an estate for the Decedent in the District of Columbia, so that a claim for benefits under the Policy could be made on behalf of the Estate of Anthony Rice in any interpleader action by State Farm in connection with the Policy proceeds.

27. Several months elapsed and no estate was opened on behalf of Anthony Rice by Barbara Johnson and/or Demetra Rice, or any other person, such as a creditor. Undersigned counsel understood that no estate was opened by Barbara Johnson and/or Demetra Rice due to lack of legal representation. State Farm still wished to name the Estate of Anthony Rice in any interpleader action, however, due to its potential claim to the Policy proceeds.

28. To this end, in April 2014, undersigned counsel contacted Michele Zavos, Esquire, of Zavos Juncker Law Group, PLLC, regarding the potential representation of Barbara Johnson and/or Demetra Rice as the Personal Representative or Co-Personal Representative(s) of the Estate of Anthony Rice.

29. State Farm agreed to advance Ms. Zavos up to $5,000 for the legal fees and costs associated with Ms. Zavos' representation of the Personal Representative of the Estate of Anthony Rice so as to facilitate the opening of the estate, and ultimately, State Farm's ability to file an interpleader action. *See* Correspondence from C. O'Brien to M. Zavos dated May 16, 2014 (attached hereto as *Exhibit 7*).

30. Ms. Zavos contacted Barbara Johnson to ascertain whether she was willing to serve as the Personal Representative of the Estate of Anthony Rice, however, Barbara Johnson

declined to serve as the Personal Representative of the Estate of Anthony Rice. *See* Correspondence from M. Zavos to C. O'Brien dated July 29, 2014 (attached hereto as *Exhibit 8*).

31. Ms. Zavos contacted Demetra Rice to ascertain whether she was willing to serve as the Personal Representative of the Estate of Anthony Rice. *Id.* Demetra Rice expressed interest in serving as the Personal Representative of Anthony Rice. *Id.* Over the period of approximately one (1) month, several efforts to were made to schedule an in-person meeting with Demetra Rice to complete the paperwork to open the estate. *Id.* No in-person meeting ever occurred, because Demetra Rice failed to appear at the designated appointment times. *Id.* After the last appointment was missed, Ms. Zavos attempted to contact Demetra Rice again by telephone and email, but there was no response. *Id.*

32. Ms. Zavos attempted to contact the Decedent's other children, Charmaine Harris and Anthony Thompson, to ascertain whether they were interested in serving as the Personal Representative of the Estate of Anthony Rice, however, the telephone numbers provided to Ms. Zavos by Barbara Johnson for Charmaine Harris and Anthony Thompson were either not in service or Ms. Zavos' phone calls were unreturned. *Id.*

33. Ms. Zavos ultimately closed her file on the Estate of Anthony Rice due to the inability to locate a family member willing to serve as the Personal Representative of the Estate of Anthony Rice. *Id.*

34. As no Estate has been opened on behalf of Anthony Rice, and since State Farm fears multiple liability in connection with the Policy proceeds due to the circumstances surrounding Anthony Rice's death, State Farm has brought this interpleader action and named as

Interpleader Defendants the known children of Decedent, as well as Claire Rice, the alleged slayer, as potential claimants to the Policy proceeds.

35. Since Decedent had no will, and no surviving spouse or domestic partner, Decedent's children, Demetra Rice, Charmaine Harris, and Anthony Thompson, *see* Ex. 5, are believed to be the preferred heirs of Anthony Rice according to District of Columbia intestacy laws. *See* D.C. Code §§ 19-301 – 19-322. It would appear that had an Estate been opened, that Decedent's children, Demetra Rice, Charmaine Harris, and Anthony Thompson, would have been the beneficiaries of Anthony Rice's estate.

36. No claim for the Policy proceeds has been made by Decedent's children, Demetra Rice, Charmaine Harris, or Anthony Thompson, however, undersigned counsel has spoken with Demetra Rice via telephone, and understands that she intends to claim benefits under the Policy in response to being served with this interpleader action.

37. State Farm claims no title to, or interest in, the life insurance benefits payable under the Policy for the death of Anthony Rice, and is ready, willing and able to pay the proceeds to the person or persons entitled to it; however, in light of the potential conflicting claims thereto, and in light of the circumstances surrounding Anthony Rice's death, State Farm cannot determine, without risk of incurring multiple liability, whether Claire Rice, Demetra Rice, Charmaine Harris, and/or Anthony Thompson, is/are legally entitled to receive payment of all or part of the aforementioned insurance proceeds, as to which State Farm is a mere stakeholder with no interest in the controversy or the insurance proceeds.

38. State Farm hereby offers to deposit the balance of the proceeds of the Policy with the Court to permit resolution of the potential competing claims to those proceeds and to shield itself from the risk of potential multiple liability to any of the Defendants in Interpleader.

39. State Farm will file in this Court, a Motion to Deposit Funds and an Order requiring the Clerk to accept in the Registry of this Court payment of the Policy proceeds plus applicable accrued interest representing the total benefit due under the Policy identified above.

40. State Farm, as a mere stakeholder, has no interest in the total benefits payable and respectfully requests that this Court determine to whom said benefits should be paid.

41. State Farm has not brought this Complaint in Interpleader at the request of any or all of the claimants; there is no fraud or collusion between State Farm and any or all of the claimants; and State Farm brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

42. State Farm reasonably believes that each of the named Defendants may claim entitlement to death benefits under the Policy and has no means other than this action to protect itself against prospective double or multiple liability for the claims made by the Interpleader Defendants to the benefits payable under the Policy.

**WHEREFORE**, State Farm Life Insurance Company respectfully requests that the Court enter a judgment:

A. Directing State Farm Life Insurance Company to pay the total proceeds payable under the Policy, together with accrued interest, into the Registry of the Court;

B. Ordering the Clerk of Court to place the deposited funds into an interest-bearing account to the credit of this action, to be held by the Court pending a later Order from the Court directing the disbursal of the funds;

C. Directing Claire Rice, Demetra Rice, Charmaine Harris, and Anthony Thompson (collectively "Defendants in Interpleader"), to interplead and settle among themselves in this Court their rights to life insurance proceeds due under the Policy;

D. Permanently enjoining and restraining Claire Rice, Demetra Rice, Charmaine Harris, and Anthony Thompson, their agents, attorneys, or representatives, from instituting or further prosecuting any claim or action against State Farm Life Insurance Company in any state or federal court on account of any claim arising from payment of life insurance proceeds pursuant to the Policy, and staying any such actions that may have been filed;

E. Fully and finally discharging State Farm Life Insurance Company from any further obligation under the Policy, now or hereafter made in connection with the Policy, by reason of its payment of the due and owing proceeds of the Policy into the Registry of the Court and dismissing State Farm Life Insurance Company from this action with prejudice following the deposit of the net total proceeds payable under the Policy (including interest accrued) with the Clerk of the Court; and

F. Awarding State Farm Life Insurance Company any other and further relief that this Court deems just and proper.

Respectfully submitted,

*[signature]*

Colleen K. O'Brien, Fed. Bar No. 29839
J. Snowden Stanley, Jr., Fed. Bar No. 00059

Semmes, Bowen & Semmes
25 South Charles Street
Suite 1400
Baltimore, Maryland 21201
(410)539-5040 (Telephone)
(410)539-5223 (Facsimile)
cobrien@semmes.com
jstanley@semmes.com

Attorneys for Plaintiff, State Farm Life Insurance Company

B1511182.DOC